## Hamilton et al. v. Hamilton.

Dec. 13, 1939.

G. A. Peterson and Charles R. Holbrook, Jr., for appellants.

John F. Coldiron for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This suit was brought by the appellant, Lucy Hamilton, in her own right as widow of Charles Hamilton, and as next friend of her infant son, Charles Hamilton, Jr., against Lee Hamilton, father of the deceased, individually, and as administrator of the estate of his son. Mrs. Hamilton alleged in substance that her husband died seized of a tract of land containing eight acres

and having on it a dwelling house and outbuildings which was conveyed to him about 1928 by John Sizemore and his wife; that the deed conveyed land as described in a deed recorded in Deed Book 47, page 200, in the Greenup County Clerk's office; that the appellee, after getting possession of the deed, has refused to deliver same to the appellant or her infant son, and has failed to lodge same for record; that the appellee has procured from the grantors another deed conveying the land to third parties; that he has retained the $1,100 received from said third parties; and that he has made no accounting of the rents from the property. She prayed judgment for the rental value of the property since 1929, and that the appellee either produce and deliver to her and her son the deed to and possession of the premises or the value of the premises as fixed by the court.

A demurrer was sustained to the petition. In an amended petition the appellant alleged that the deed was delivered to the appellee as agent for his son Charles. A demurrer was sustained to the petition as amended. A second amended petition was filed and the appellee answered by way of general denial. By agreement the cause was submitted to the court upon certain proof taken in the Geeenup county court concerning the exceptions to the appellee's report of the administration of the estate of his deceased son. The petition was dismissed on the ground that the pleadings and proof showed neither a proper description of the property nor a delivery of the deed to Charles Hamilton.

In urging reversal the appellant contends that there was a delivery of the deed, that title vested in the deceased, even though a part of the consideration may have been paid by his father, and that the description of the property in the petition was sufficient.

We have no hesitancy in saying that the description of the property in the petition was sufficient. Taylor & Crate v. Asher, 223 Ky. 574, 4 S. W. (2d) 385. We think also that the pleadings and proof show conclusively that there was a delivery of the deed by the Sizemores to the appellee as agent for his son, Charles. It was alleged and proved that the Sizemores executed a deed to the eight acre tract of land to Charles Hamilton, and that this deed was delivered to the appellee. The proof shows that John Sizemore, at the instigation of the appellee, subsequently executed a deed to ten acres of land.

which included the eight acres conveyed to Charles Hamilton, to third parties. Sizemore testified that the arrangement under which he conveyed the land to Charles Hamilton was that certain obligations of his, including one to the appellee, were to be paid. Cancelled checks were introduced showing that the deceased paid a part of the purchase price of the land. Sizemore's testimony substantiates this fact. Sizemore testified also that, prior to the execution of the second deed, the appellee told him in substance that he would make things right with the appellant and her son by giving them other property. The appellant's father testified that the appellee had told him also that he intended to give the appellant land elsewhere. We think this proof shows definitely that the appellee accepted the deed from the Sizemores as agent for his son Charles. See Kirby v. Hulette, 174 Ky. 257, 192 S. W. 63; Beatty v. Beatty, 151 Ky. 547, 152 S. W. 540.

There is no showing in the record as to the amount of the purchase price paid by the appellee nor as to the value of the eight acres of land at the time it was sold under the second deed. Nor is there any proof as to the value of the rentals of the interest which the deceased had in the property. We are reversing the judgment, therefore, with directions that proof be taken on these three points, and that judgment be entered thereafter in conformity with this opinion. It goes without saying that the proof offered as to the appellee's interest in the land, if he had any such interest, must be clear and convincing.

Judgment reversed.